Filed 6/28/21  P. v. Moreno CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048083 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. C1895489, C1922590, C1923209) |
| v. | |
| RUDY ALBERT MORENO, | |
| Defendant and Appellant. | |

After entering into a comprehensive plea agreement, defendant Rudy Albert Moreno pleaded no contest to several misdemeanors alleged in separately filed complaints involving domestic violence, vandalism, violation of a domestic violence protective order, and possession of methamphetamine and admitted violating his probation.  He was placed on three years' formal probation with a nine-month county jail sentence deemed served.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  *Case No. C1895489*

On July 16, 2018, Moreno was charged by complaint in Santa Clara County case No. C1895489 (C1895489) with one felony count of inflicting corporal injury on C.S., a person with whom he had a dating relationship (Pen. Code, § 273.5, subd. (a)).[2]

---

[1] Because no preliminary hearings were held and no probation reports were prepared, we derive the limited facts and procedural history from the documents in the clerk's transcript and the reporter's transcripts from Moreno's sentencing and change of plea hearings.

[2] Unspecified statutory references are to the Penal Code.

On July 30, 2018, pursuant to a negotiated disposition, the offense was reduced to a misdemeanor and Moreno pleaded nolo contendere. The trial court placed Moreno on probation for three years and ordered him to serve 90 days in county jail, with total credit of 37 days (19 days of custody credit plus 18 days of conduct credit pursuant to section 4019). Moreno was also ordered to perform 20 hours of community service and pay the following fines, fees, and assessments: (1) a restitution fund fine of $165 (§ 1202.4); (2) a probation revocation restitution fine of $150 (suspended) (§ 1202.44); (3) a court security fee of $40 (§ 1465.8, subd. (a)); (4) a criminal conviction assessment of $30 (Gov. Code, § 70373); (4) a domestic violence shelter fee of $50 (§ 1203.097, subd. (a)(11)(A)); (5) a domestic violence fee of $50 (§ 1463.27); (6) a criminal justice administration fee of $129.75 payable to the City of San Jose (Gov. Code, §§ 29550, 29550.1, 29550.2); and (7) a probation supervision fee of $20 per month (§ 1203.1b). The trial court issued a domestic violence protective order prohibiting any contact with C.S. for 10 years.

### B. Case Nos. C1922590 and C1923209

On December 3, 2019, Moreno was charged by complaint in Santa Clara County Superior Court case No. C1922590 (C1922590) with one count of misdemeanor battery on C.S. (§ 243, subd. (e)(1)) and one misdemeanor count violating a protective order (§ 166, subd. (c)(1)).

On December 13, 2019, in Santa Clara County case No. C1923209 (C1923209), Moreno was charged with felony inflicting corporal injury on a person (C.S.) with whom he had a dating relationship (§ 273.5, subd. (a); count 1), misdemeanor vandalism (§ 594, subd. (b)(2)(A); count 2), misdemeanor violation of a protective order (§ 166, subd. (c)(1); count 3), and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).

2

### C. *February 6, 2020 Plea Hearing*

On February 6, 2020, pursuant to a negotiated disposition, the prosecution reduced count 1 in C1923209 to a misdemeanor and Moreno entered a plea of no contest to all four counts in that case. In C1922590, Moreno pleaded no contest to both misdemeanors as charged and in C1895489, Moreno admitted violating his probation. Moreno's pleas were entered on condition that: (1) he would be placed on formal probation for three years; (2) ordered to serve a total term of nine months in county jail (six months in C1923209, consecutive to a three-month term imposed in C1922590, and concurrent with a three-month term imposed in C1895489). The parties stipulated that Moreno would be granted presentence credits from January 10, 2020.

### D. *April 21, 2020 Sentencing*

In C1922590, the trial court, after suspending imposition of sentence, placed Moreno on formal probation for a period of three years and ordered him to serve three months in county jail consecutive to the (six month) term imposed in C1923209 with the jail term deemed served. Moreno was ordered to pay the following fines, fees, and assessments: (1) a restitution fund fine of $165 (§ 1202.4); (2) a probation revocation restitution fine of $150 (suspended) (§ 1202.44); (3) a court security fee of $80 (§ 1465.8, subd. (a)); (4) a criminal conviction assessment of $60 (Gov. Code, § 70373); (4) a domestic violence shelter fee of $200 (§ 1203.097, subd. (a)(11)(A)); (5) a domestic violence fee of $500 (§ 1463.27); (6) a criminal justice administration fee of $129.75 payable to the City of San Jose (Gov. Code, §§ 29550, 29550.1, 29550.2); and (7) a probation supervision fee not to exceed $25 per month (§ 1203.1b).

In C1923209, the trial court suspended imposition of sentence, placed Moreno on formal probation for a period of three years, and ordered that he serve six months in county jail consecutive to the (three month) term imposed in C1922590 with the jail term deemed served. Moreno was ordered to pay the following fines, fees, and assessments: (1) a restitution fund fine of $165 (§ 1202.4); (2) a probation revocation restitution fine of

3

$150 (suspended) (§ 1202.44); (3) a criminal laboratory fee of $50 plus $155 in penalty assessments (Health & Saf. Code, § 11372.5); (4) a drug program fee of $150 plus $450 in penalty assessments (Health & Saf. Code, § 11372.7); (5) a crime prevention fund fine of $10 plus $30 in penalty assessments (§ 1202.5); (6) a court security fee of $160 (§ 1465.8, subd. (a)); and (7) a criminal conviction assessment of $120 (Gov. Code, § 70373). The court waived both the domestic violence shelter fine (§ 1203.097, subd. (a)(11)(A)) and the domestic violence fine (§ 1463.27).

In C1895489, the trial court reinstated probation under the original terms and conditions, with a concurrent three-month county jail term, also deemed served.

Moreno timely appealed.

Appellate counsel has declared that he notified Moreno both of his intentions to request independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and of Moreno's right to file written argument on his own behalf. We notified Moreno of his right to submit written argument on his own behalf but have received no response from him.

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Concluding there is no arguable issue on appeal, we affirm the order of probation.

## II. DISPOSITION

The order of probation is affirmed.

4

_____

Greenwood, P.J.

WE CONCUR:

_____

Elia, J.

_____

Grover, J.

People v. Moreno
No. H048083